**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

           **Plaintiff,**

**-vs-**                                                          **Case No.  6:07-cr-158-Orl-19KRS**

**RUBI CABRERA**
    a/k/a Angel Francisco Duran Rosado

           **Defendant.**

_____

## ORDER

This case comes before the Court on the Government's Appeal from Order of Public Reprimand (Doc. No. 31, filed Oct. 4, 2007).

### Background

Bruce Hinshelwood is an Assistant United States Attorney who was publicly reprimanded by Magistrate Judge David A. Baker for failing to attend a preliminary hearing. (Doc. No. 31, p. 1).  The Government now challenges Judge Baker's ruling.  (*Id.*)

The underlying criminal case is a prosecution against Rubi Cabrera for allegedly making false statements in a passport application.  (Doc. No. 1, filed June 27, 2007).  On August 9, Magistrate Judge Baker issued a "Notice of Hearing" for a preliminary hearing to be held on August 21. (Doc. No. 9, filed Aug. 9, 2007).  Later in the day on August 9, Mr. Hinshelwood filed a notice of appearance as attorney for the Government.  (Doc. No. 10, filed Aug. 9, 2007).

Hinshelwood failed to attend the preliminary hearing on August 21, and Judge Baker immediately issued an Order to Show Cause.  (Doc. No. 12, filed Aug. 21, 2007). The Government replied that Hinshelwood's failure to attend the hearing was due to an administrative error. (Doc.

No. 13, filed Aug. 21, 2007, pp. 1-2). Since Hinshelwood entered his appearance as attorney after the hearing was scheduled, he did not personally receive notice of the hearing. (*Id.*) Furthermore, the Court did not send notice to the U.S. Attorney's office, so the hearing was not placed on the office calendar. (*Id.*) The only way Mr. Hinshelwood could have known about the meeting would have been to check the docket sheet, which he inadvertently failed to do. (*Id.*)

Judge Baker concluded that Mr. Hinshelwood's error did not warrant dismissal of the case. (Doc. No. 17, filed Sept. 10, 2007). However, he decided to publicly reprimand Hinshelwood for "his failure to exercise appropriate diligence in ascertaining the schedule for his case." (*Id.*)

Approximately one week later, the Government filed a motion for reconsideration. (Doc. No. 25, filed Sept. 18, 2007). The Government argued that the Court's interest in ensuring the timely appearance of its attorneys would be equally served by "an admonition to exercise greater diligence in the future." (*Id.*) The Government pointed out that defense counsel had no objection to this proposed modification. (*Id.*) Judge Baker denied the Government's request in an endorsed order. (Doc. No. 29, filed Sept. 24, 2007).

On October 4, 2007, the Government filed a "Motion to Appeal from Order of Public Reprimand." (Doc. No. 31). In that motion, the Government reasserts the arguments from its previous two filings. (*Id.* at p. 2). The Government further adds that the "public reprimand issued by the Magistrate Judge is unduly harsh in its potential effects." (*Id.*) According to the Government, the "process of order and response has served as adequate admonition." (*Id.*)

**Standard of Review**

The Government does not move under a particular statute or procedural rule. (Doc. No. 31). However, because the Government styles its motion as an "appeal" from the Magistrate's ruling, the

motion is appropriately characterized as a motion for reconsideration under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. section 636(b)(1)(A) (2006).

Rule 72(a) and section 636(b)(1)(A) allow the District Judge to reconsider a Magistrate's pretrial rulings. In such case, the Magistrate's ruling may be reversed only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

**Analysis**

The Government fails to meet the standard of Rule 72(a) and 28 section 636(b)(1)(A). Importantly, the Government does not contend that Judge Baker's ruling was "clearly erroneous or contrary to law." (*See* Doc. No. 31). It only argues that an admonition would be a more appropriate penalty. (*Id.*)

The Court's role in this case is not to reassess Judge Baker's decision. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A). Rather, the Court must determine whether Judge Baker's ruling was clearly erroneous or contrary to law. *Id.* Even if Judge Baker's ruling was "unduly harsh," as the Government contends, it does not follow that the ruling was "clearly erroneous or contrary to law."

Federal courts have inherent power to fashion sanctions to achieve the orderly and expedient disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). There is no evidence in the record to show that Judge Baker exceeded this power or issued an inappropriate sanction against Hinshelwood. *See id.* at 43-45.

Thus, the Government has failed to meet the standard required by Rule 72(a) and 28 U.S.C. section 636(b)(1)(A) for reversal of the Magistrate's decision, and its motion must be denied.

**Conclusion**

The Court **DENIES** the Government's Appeal from Order of Public Reprimand (Doc. No. 31, filed October 4, 2007).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 14, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record